IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAVANNAH OAKS CONDOMINIUM ASSOCIATION, INC., on behalf of itself and all others similarly situates,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC.,<br><br>Defendant | CIVIL ACTION FILE NO.<br><br>[Removal from Superior Court of Fulton County, Civil Action File No. 2016EV284207] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Waste Management, Inc. ("WM") hereby removes this action from the Superior Court of Fulton County, State of Georgia, to this Court. This action is removable to this Court, and this Court has jurisdiction, because Plaintiff's Complaint could have been originally filed in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332 & 1441.

In support of this Notice of Removal, WM states as follows:

1

## BACKGROUND

1.  On or about December 29, 2016, Plaintiff Savannah Oaks Condominium Association, Inc. ("Savannah Oaks Inc." or "Plaintiff"), filed a putative class action Complaint captioned *Savannah Oaks Condominium Assoc., Inc. v. Waste Management, Inc.* in the Superior Court of Fulton County, Civil Action File No. 2016CV284207, attached hereto as Exhibit "A".

2.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon WM as of the date hereof are attached hereto as Exhibits "A" and "B" and incorporated herein by reference as if fully set forth.

3.  Savannah Oaks Inc. avers that it is a Georgia corporation and that defendant WM is a Delaware corporation with its principal place of business in Houston, Texas. (Comp., ¶¶ 1-2).

4.  Savannah Oaks Inc. further avers that "Waste Management is the largest waste disposal company in the world" and that it "has contracted to dispose the waste for literally millions of residential, industrial, commercial, and governmental entities." (Comp., ¶ 5). Plaintiff purports to bring its claims on behalf of a nationwide class of the "thousands, if not tens of thousands" of WM customers (Comp., ¶ 30), seeking "reimbursement" on behalf of those class

members that it claims paid "too much"[1] for the waste removal services received under their contracts. (Comp., ¶¶ 43, 51). Plaintiff asserts claims for breach of contract (Count One), breach of the covenant of good faith and fair dealing (Count Two), declaratory relief [2] (Count Three), money had and received (Count Four) and unjust enrichment (Count Five).

5. Under Savannah Oaks Inc.'s interpretation of the contract, it was "overcharged" since December 2012 by periodic increases in its monthly service fee and by changes to the current fees and of the surcharges specified in its contract, which it contends violated the terms of its contract. (Comp., ¶ 38). In particular, Plaintiff claims that it was "assessed rates or fees in excess of the contracted-for amounts" (Comp., ¶ 26) and that Plaintiff paid those fees over the last several years. (Comp., ¶ 51) Plaintiff further alleges that its service rates were raised in violation of the Agreement. (Comp., ¶¶ 39-42). Plaintiff further alleges that it was assessed various fees, including a Regulatory Cost Recovery Charge, a Fuel/Environmental Charge, an administrative fee, a Container Fee and an Overage Fee in violation of its contracts. (Comp., ¶¶ 43-47).

---

[1] The Complaint does not identify the provisions of the contract it seeks to have the Court declare "unenforceable." (Comp., ¶¶ 58, 59).

[2] Plaintiff also references (Comp., ¶ 36) injunctive relief, but it is unclear if this is redundant or in addition to the claim for declaratory relief.

6. Plaintiff asserts that its claims are typical of those of the other "thousands or tens of thousands" of WM customers across the entire United States that comprise its putative class.[3] (Comp., ¶¶ 5, 30, 32)

7. Savannah Oaks Inc. asserts that the damages accrued to its putative class for a period co-extensive with the applicable statute of limitations attendant to the claims of the putative class members around the country (Comp., ¶ 29),[4] including the six (6) year statute in the state of Georgia applicable to Savannah Oaks Inc.'s own claims.

8. Plaintiff also seeks extraordinarily broad relief in the form of injunctive or declaratory relief (¶¶ 36, 58-59), plus general and special damages, including: actual, incidental, consequential, punitive damages, restitution and applicable penalties and pre-judgment interest. (¶¶ 51, 63, Prayer for Relief, ¶ 3).

---

[3] On its face, the Complaint does not limit the class to those putative plaintiffs in the United States but could include "[a]ll customers of Waste Management" in the world. (Comp., ¶¶ 5, 26) For purposes of this notice, Defendant assumes Plaintiff does not contend that customers outside the United States are subject to this Court's jurisdiction.

[4] By way of example only, payments made under contracts entered in the state of Kentucky would be subject to Plaintiff's putative class claims dating back to 15 years ago, and continuously since that time, that were paid but supposedly were improper (for contracts entered into on or before July 15, 2014) and 10 years (for contracts entered into after July 15, 2014). Ky. Rev. Stat. Ann. S 413.080.

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN MET

9. WM was served with a copy of the Complaint on December 30, 2016. *See* Exhibits "A" and B. This Notice is filed within thirty (30) days of WM being served with the Complaint pursuant to 28 U.S.C. § 1446(b)(1), and removal is thus timely. 28 U.S.C. § 1446(b).

10. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the state court action are attached hereto as Exhibits "A" and "B".

11. Venue in this district and division is proper under 28 U.S.C. § 1441(a), because this district and division embrace the Superior Court of Fulton County, Georgia, the forum in which Plaintiff is located and the removed action was pending.

12. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Fulton County Georgia Superior Court in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties.

## THIS COURT HAS JURISDICTION
## OVER THE ACTION PURSUANT TO CAFA

13. The Class Action Fairness Act of 2005 ("CAFA") significantly expanded federal diversity jurisdiction over most class actions. 28 U.S.C. § 1332(d).

14. CAFA provides that the United States District Courts have original jurisdiction over any putative class action: (1) involving a Plaintiff class of 100 or more members, (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive interest and costs, and (3) where at least one member of the Plaintiff class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010). All three conditions are satisfied in this case.

15. No presumption favoring remand attends cases invoking CAFA because Congress enacted CAFA to facilitate adjudication of certain class actions in federal court. *Dart Cherokee Basin Operating Co, LLC v. Owens,* 135 S. Ct. 547, 554, 2014 WL 7010692, *6 (2014) (*citing* Congressional "strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (emphasis added).

### A. The Action is a "Class Action"

16. CAFA removal requires that the state-court action must qualify as a "class action" or a "mass action."

17. A "class action" under CAFA is defined as any "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(2).

18. Savannah Oaks Inc. filed its civil action under Georgia's rule of judicial procedure authorizing class actions: O.C.G.A. § 9-11-23 (Comp. ¶ 26, Prayer for Relief, ¶ 1).

### B. The Putative Class Exceeds 100 Members

19. CAFA requires that the putative class consist of at least 100 persons (28 U.S.C. § 1332(d)(5)), defined to include those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

20. Savannah Oaks Inc. alleges that out of the "literally millions of" entities that have purportedly contracted with Waste Management," ". . . there are thousands, if not tens of thousands, members of the proposed class." (Comp., ¶¶ 5, 30).

21. This portion of CAFA is met based on Plaintiff's allegations.

C. **Minimal Diversity of Citizenship Exists**

22. The second CAFA requirement—that the parties be minimally diverse—also is readily satisfied here, because at least one putative class member is a citizen of a different state than WM. 28 U.S.C. § 1332(d)(2).

23. The Complaint alleges that Savannah Oaks Inc. is a domestic corporation with its principal office located in Alpharetta, Georgia, (Comp., ¶ 1), and that WM is a Delaware Corporation with its principal place of business in Houston, Texas. (Comp., ¶ 2).

24. Because Savannah Oaks Inc. and WM are citizens of different states, as shown on the face of the Complaint, the requirement that the parties be minimally diverse is satisfied here. *See* 28 U.S.C. § 1332(d)(6).

D. **The Aggregate Amount in Controversy Under Plaintiff's Allegations Exceeds $5,000,000**

25. As stated above, Plaintiff's Complaint identifies various categories of fees and charges assessed under its service contract that it contends are overcharges and that should be reimbursed to all members of its putative class of "thousands or tens of thousands" of customers. Plaintiff's failure to add up the total amount of the aggregated claims of the putative class is not a hurdle to CAFA removal. Where, as here, there is no dispute that the amount in controversy under

8

Plaintiff's allegations would exceed CAFA's jurisdictional threshold,[5] only a "short and plain statement of the grounds for removal, including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'" is required. *Dart*, 135 S. Ct. at 551. (*quoting* 28 U.S.C. § 1446(a)).

26.  Savannah Oaks Inc. has alleged, and thus put in controversy, multiple causes of action on behalf of a nationwide class of several thousand customers for a period of multiple years.  On behalf of these putative class members, Plaintiff seeks to recover actual, incidental and consequential damages, in addition to injunctive, declaratory relief, "compensatory damages, punitive damages, restitution and any applicable penalties." (Comp., ¶¶ 36, 58-59; Prayer for Relief, ¶ 3).[6]

---

[5]  Pursuant to CAFA, the claims of the individuals comprising a putative class are aggregated to get to the $5,000,000 jurisdictional threshold amount in controversy. 28 U.S.C. § 1332(d)(6).

[6]  The court must consider the value of Plaintiff's requested injunctive and declaratory relief to determine the amount in controversy. *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014). Punitive damages are also considered in determining the amount in controversy. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (finding defendant met burden, when considering punitive damages, to establish amount in controversy). Finally, a court may consider an award of attorney's fees in calculating the amount in controversy. *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (noting that the court "[does] not doubt that" attorneys' fees and punitive damages are included in the amount in controversy calculation).

27.  Based solely upon Savannah Oaks Inc.'s allegations of class constituency and alleged wrongdoing, WM avers in good faith that the amount in controversy here exceeds the $5,000,000 threshold.[7] Based on the foregoing, the amount in controversy exceeds the threshold value under CAFA pursuant to 28 U.S.C. § 1332(d)(6).

## FILING OF REMOVAL PAPERS

28.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to Plaintiff's counsel and the Superior Court of Fulton County, Georgia. (*See* Exhibit "C").

29.  By removing this action to this Court, WM does not waive any defenses, objections, or motions available under state or federal law. No statement or omission in this Notice of Removal should be deemed an admission of any allegations leveled or damages sought in the Complaint, which are expressly denied. WM expressly reserves the right to move for dismissal of some or all of Plaintiff's claims, including its class action claims, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

[7] The amount put in controversy is less a prediction of "how much the Plaintiffs are ultimately likely to recover," than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the Plaintiff will lose on the merits. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772 (11th Cir. 2010).

WHEREFORE, based on the foregoing, Defendant Waste Management, Inc. respectfully removes this action from the Superior Court of Fulton County, Georgia, to this Court.[8]

This 27th day of January, 2017.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

3344 Peachtree Road, NE,
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 (telephone)
(404) 875-9433 (facsimile)
ddial@wwhgd.com
npanayo@wwhgd.com

/s/ Nicholas P. Panayotopoulos
David A. Dial
Georgia Bar No. 220329
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
*Attorneys for Defendant Waste Management, Inc.*

---

[8] Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, counsel for WM certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served by electronic filing and/or by depositing a true and correct copy of same in the U.S. Mail, proper postage affixed thereto, addressed to counsel of record as follows:

| | |
|---|---|
| E. Adam Webb, Esq.<br>Matthew C. Klase, Esq.<br>G. Franklin Lemond, Jr., Esq.<br>Webb, Klase & Lemond, LLC<br>1900 The Exchange, S.E., Suite 480<br>Atlanta, Georgia  30339<br>*Attorney for Plaintiff*<br>Adam@WebbLLC.com<br>Matt@WebbLLC.com<br>Franklin@WebbLLC.com | Wayne Charles, Esq.<br>Wayne Charles, PC<br>395 Highgrove Drive<br>Fayetteville, Georgia  30215<br>*Attorney for Plaintiff*<br>Wc115@bellsouth.net |

This 27th day of January, 2017.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

| | |
|---|---|
| 3344 Peachtree Road, NE<br>Suite 2400<br>Atlanta, Georgia 30326<br>(404) 876-2700 (telephone)<br>(404) 875-9433 (facsimile)<br>ddial@wwhgd.com<br>npanayo@wwhgd.com | */s/ Nicholas P. Panayotopoulos*<br>David A. Dial<br>Georgia Bar No. 220329<br>Nicholas P. Panayotopoulos<br>Georgia Bar No. 560679<br>*Attorneys for Defendant Waste Management, Inc.* |