# EXHIBIT "A"

## FULTON COUNTY SUPERIOR COURT COMPLAINT

Fulton County,Superior Court
***EFILED***BR
Date: 12/29/2016 10:06:52 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| SAVANNAH OAKS CONDOMINIUM ASSOCIATION, INC., on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC.,<br><br>       Defendant. | CIVIL ACTION<br><br>FILE NO: 2016CV284207<br><br>__JURY TRIAL DEMANDED__ |

### CLASS ACTION COMPLAINT

COMES NOW Plaintiff Savannah Oaks Condominium Association, Inc. "Savannah Oaks"), and on behalf of all others similarly situated, by and through counsel, and herby brings this action against Waste Management, Inc. Plaintiff's allegations herein are based upon personal knowledge and belief as to its own acts and upon the investigation of counsel and information and belief as to all other matters:

### PARTIES

1.    Plaintiff Savannah Oaks is a domestic nonprofit corporation with its principal office located at 2555 Westside Parkway, Suite 600, Alpharetta, Georgia 30004. Savannah Oaks is a condominium association providing services to the residents of the Savannah Oaks Condominium Complex.

2.    Defendant Waste Management, Inc. ("Waste Management") is a Delaware corporation doing extensive business in Georgia. Its headquarters is located at 1001 Fannin Street, Houston, Texas 77002. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Waste

Management has not registered to do business in Georgia although it does extensive business in the State. Defendant has registered numerous subsidiaries and affiliates with Georgia's Secretary of State, however, to include Waste Management of Georgia, Inc., Waste Management of Metro Atlanta, Inc., and Waste Management National Services, Inc. Defendant itself contracted with Savannah Oaks and so is the proper Defendant in this action.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Defendant because Waste Management transacts substantial business in Fulton County, including signing the contract with Savannah Oaks at its management office in Fulton County. Defendant has sufficient minimum contacts with the State of Georgia and intentionally availed itself of the customers and markets within the State of Georgia. This purposeful availment renders the exercise of jurisdiction by Georgia courts over Defendant permissible under judicially accepted notions of fair play and substantial justice.

4.     Venue is proper in Fulton County because the contract was negotiated and entered in Fulton County and Waste Management conducts substantial business in Fulton County.

## FACTUAL ALLEGATIONS

5.     Waste Management is the largest waste disposal company in the world. It has contracted to dispose the waste for literally millions of residential, industrial, commercial, and governmental entities.

6.     Savannah Oaks signed a contract with Waste Management for the removal of its garbage on December 13, 2012, with an effective date of December 1, 2012.

7.     This contract provided for weekly pick-up of two containers. The monthly fee for the six-yard container was to be $300, and the monthly fee for the eight-yard container was to be $425.

2

8.      The contract provided that overage charges were to be $50.00.

9.      The contract provided that there would be a "container service fee" of $15.50.

10.     The contract provided that "a fuel surcharge and environmental cost recovery charge calculated as a percentage of the Charge(s), will be included on your invoice."

11.     The contract provided that Waste Management "reserves the right to charge Customer additional fees if the following additional services are provided to Customer: Administrative Fee, Enclosure Charge, Services on High Demand Days, Pull/Push Out Services, Container Relocation Fee, or Seasonal Restart Fee."

12.     Waste Management originally charged an "Administrative Fee" of $4.00/month even though an "Administrative Fee" is not a service to Savannah Oaks.

13.     The contract specified:  "Company reserves the right to increase the Charges payable by Customer during the Term: . . . (f) no more often than annually from the Effective Date (or if specified on the first page, Customer's Last API Date) for increases in the Consumer Price Index plus four percent of the then current Charges."

14.     Waste Management first increased its rates for the containers on its April 1, 2013 invoice to $311.78 for the six-yard container and to $441.69 for the eight-yard container.

15.     Waste Management's second rate increase for the containers was on its July 1, 2013 invoice to $361.04 for the six-yard container and to $510.95 for the eight-yard container.

16.     Waste Management's third rate increase for the containers was on its June 1, 2014 invoice to $404.36 for the six-yard container and to $572.26 for the eight-yard container.

17.     Waste Management's fourth rate increase for the containers was on its June 1, 2015 invoice to $465.01 for the six-yard container and to $658.10 for the eight-yard container.

3

18. Waste Management's fifth rate increase for the containers was on its April 1, 2016 invoice to $520.81 for the six-yard container and to $737.07 for the eight-yard container.

19. Waste Management also added other improper fees to its invoices. For example, a "Regulatory Cost Recovery Charge" was added on the May 1, 2013 invoice, and the amount of this charge was $21.43. Waste Management has continued to assess this fee on all of its invoices.

20. Waste Management raised its administrative fee to $5.00 from $4.00 on its January 1, 2015 invoice.

21. Waste Management raised its container fee to $19.90 from $15.50 on its February 1, 2016 invoice.

22. Waste Management charged an overage fee of $150.00 instead of the contracted for $50.00 fee on its August 1, 2016 invoice.

23. Waste Management charged two overage fees of $150.00 for a total of $300 on its October 1, 2016 invoice.

24. Defendant increased the rates and fees as described above even though it was paying essentially the same amount for its own costs. Changing to certain costs, such as fuel, was already factored into the agreement. Waste Management made a very conscious and studied decision to increase its customers' rates and fees in violation of its contracts in order to sharply increase its profitability.

25. The contract has a penalty for early termination by Savannah Oaks that it calls "liquidated damages" where Savannah Oaks may be liable to pay the full amount of the monthly charges without any set-off for Waste Management's costs it no longer incurs when it does not pick up the garbage. Thus, Plaintiff was not able to cancel the contract without enormous risk.

4

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this class action on behalf of itself and the following Class:

> All customers of Waste Management that were assessed rates or fees in excess of the contracted-for amounts. Specifically excluded are claims related to any contracts which include a clause requiring arbitration of disputes.

27.     Plaintiff reserves the right to modify or amend the definition of the proposed Class, or add other proposed classes or subclasses, before the Court determines whether certification is appropriate and as the Court may otherwise allow.

28.     Excluded from the Class are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

29.     The time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, for example six years in the State of Georgia.

30.     Numerosity: The members of the proposed Class are so numerous that individual joinder of all members is impracticable. Upon information and belief, there are thousands, if not tens of thousands, members of the proposed class. The exact number and identities of the members of the proposed Class are unknown at this time and can be ascertained only through appropriate discovery.

31.     Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. These common questions include, but are not limited to, the following:

    i.      Whether Waste Management charged unauthorized fees;

    ii.     How Waste Management calculated and applied improper fees;

    iii.    Whether Waste Management was permitted by contract to pass along increases in its own costs; and

    iv.    Whether Waste Management costs did increase, and by how much.

32.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of other members of the Class in that they arise out of the same or substantially similar wrongful practices of Defendant. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other member of the Class.

33.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex class action litigation. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

34.    <u>Superiority of Class Action</u>: Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves

the resources of the parties and of the judicial system, and protects the rights of the Class

members.

35.    Risk of Inconsistent or Varying Adjudication: Class action treatment is proper,

and this action should be maintained as a class action because the risks of separate actions by

individual members of the Class would create a risk of: (a) inconsistent or varying adjudications

with respect to individual Class members which would establish incompatible standards of

conduct for the Defendant as the party opposing the Class; and/or (b) adjudications with respect

to individual Class members would, as a practical matter, be dispositive of the interests of other

Class members not party to the adjudication or would substantially impair or impede their ability

to protect their interests.

36.    Action Generally Applicable to Class as a Whole: Defendant, as the party that

may oppose the Class, has acted or refused to act on grounds generally applicable to the Class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the Class as a whole.

37.    The standards for class certification have been met.

### CLAIMS FOR RELIEF

### COUNT ONE

### BREACH OF CONTRACT

38.    Plaintiff incorporates by reference all allegations above as if set forth verbatim

herein.

39.    Waste Management breached its contract by raising its dumpster service rates in

excess of the amount allowed by the contract.  As to Plaintiff, the increases in the first year alone

were for 4% and 16% respectively.  The contract only allowed one increase per year and such increase was limited to the Consumer Price Index ("CPI") plus 4%.  CPI was 1.5% in 2013.

40.  Waste Management breached its contract by raising its dumpster service rates after the first year by 12% above the rate after the second rate increase, which was a 35% total increase from the initial rate.  Thus, by that time Waste Management had increased Plaintiff's rates by *more than six times what the contract allowed*.

41.  Waste Management also breached the contract by raising its dumpster service rates the fourth time, one year after the third increase.  This increase was 15%.  Since CPI only increased by 0.8% in 2014, and by 0.7% in 2015, this increase was nearly triple the allowed increase.  As before, since the increases were cumulative, the rates in total were far in excess of the contracted-for amounts.

42.  Waste Management again breached its contract by raising its dumpster service rates for the fifth time, less than a year after the fourth rate increase.  This increase was for 12%, more than double what was allowed, even if Defendant had waited the full year.

43.  Waste Management breached its contract by charging too much for numerous other fees as well.  The Fuel/Environmental Charge is calculated based on the excessive dumpster service charges, and so was increased in the same proportion as the improper dumpster service rates.

44.  The Regulatory Cost Recovery Charge was added in violation of the contract.

45.  The Administrative Fee was raised in violation of the contract.

46.  The Container Fee was raised in violation of the contract.

47.  The Overage Fee was raised in violation of the contract.

48.  Each of these improper fees caused Plaintiff damage.

8

49.   These and other unauthorized fees caused the members of the Class damage.

50.   Plaintiff and the Class members have performed all conditions, covenants, and promises required by each of them on their part to be performed in accordance with the terms and conditions of the contract, except for those they were prevented from performing or which were waived or excused by Defendant's misconduct.

51.   Defendant should be required to reimburse all such improper assessments and, in order to make its victims whole, should pay pre-judgment interest to account for the value of money over time.

**COUNT TWO**

**GOOD FAITH AND FAIR DEALING**

52.   Plaintiff incorporates by reference all allegations above as if set forth verbatim herein.

53.   Good faith is an element of every contract in Georgia and nearly all states. Whether by common law or statute, all contracts impose upon each party a duty of good faith and fair dealing.   Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Thus, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms are examples of a lack of good faith in the performance of contracts.

54.   Plaintiff and the Class members have performed all conditions, covenants, and promises required by each of them on their part to be performed in accordance with the terms

9

and conditions of the contract, except for those they were prevented from performing or which were waived or excused by Defendant's misconduct.

55.    Defendant breached the implied covenant of good faith and fair dealing by using its powers under the contract to raise rates and add fees in a manner that violated the parties' understanding and intent.   Discovery will show that such increases were not necessary to maintain profitability, but rather were added in order to provide Waste Management with windfall profits wholly divorced from the rate of profitability negotiated by the parties.

56.    As a proximate result of Defendant's breaches of good faith and fair dealing, Plaintiff and the Class members have been damaged in an amount to be proven at trial and seek relief as set forth below.

## COUNT THREE

## DECLARATORY RELIEF

57.    Plaintiff incorporates by reference all allegations above as if set forth verbatim herein.

58.    Waste Management's contract includes several provisions which are not enforceable.  Certain provisions are not be enforceable for one or more reasons, such as lack of consideration, illusoriness, unconscionability, lack of mutuality, violations of law, and violations of public policy.

59.    The Court will be asked to declare such provisions of the contract to be unenforceable.

## COUNT FOUR

## MONEY HAD AND RECEIVED

60.    Plaintiff incorporates by reference all allegations above as if set forth verbatim herein.

61.     By the aforesaid improper acts, Waste Management unlawfully billed and collected money to which it was not entitled.  Defendant received money belonging to Plaintiff and the Class.  Defendant benefited from the receipt of money and, under principles of equity and good conscience, it should not be permitted to keep said money.

62.     Waste Management must not be permitted to take advantage of its own wrongs by retaining such funds.

63.     Moreover, Defendant is liable to pay Plaintiff and the Class compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

### COUNT FIVE

### UNJUST ENRICHMENT

64.     Plaintiff incorporates by reference all allegations above as if set forth verbatim herein.

65.     This Count is brought only in the alternative to Counts One and Two.  If Plaintiff is successful in pursuing a breach of contract theory as to any given claim, then such claim cannot also be presented to the jury as unjust enrichment.  If, however, parts of the contract are deemed void or unenforceable for any reason, then Plaintiff should be permitted to raise unjust enrichment in lieu of breach of contract.

66.     Through the above-described conduct, Waste Management benefited at the expense of Plaintiff and the Class.  Equity and good conscience require that Defendant be ordered to repay these sums to Plaintiff and the Class in restitution.

67.     Defendant must not be permitted to take advantage of its own wrongs by retaining such funds.

68.     Moreover, Defendant is liable to pay Plaintiff and the Class compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the proposed Class, requests that this Court:

1.     Certify this case as a class action pursuant to O.C.G.A. § 9-11-23;

2.     Find for Plaintiff and the Class as to each count of this Class Action Complaint;

3.     Award Plaintiff and the Class actual, incidental, and consequential damages in an amount to be proven at trial, including any and all compensatory damages, punitive damages, restitution, and any applicable penalties and interest;

4.     Award all reasonable costs incurred by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

5.     Grant a trial by jury; and

6.     Award such other relief as this Court deems just and proper.

DATED this 29th day of December, 2016.

Respectfully submitted,

BY:    WEBB, KLASE & LEMOND, LLC

*/s/ E. Adam Webb*
E. Adam Webb
  Georgia State Bar No. 743910
Matthew C. Klase
  Georgia Bar No. 141903
G. Franklin Lemond, Jr.
  Georgia State Bar No. 141315
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
Adam@WebbLLC.com
Matt@WebbLLC.com
Franklin@WebbLLC.com

Wayne Charles
  Georgia State Bar No. 515244
Wayne Charles, PC
395 Highgrove Drive
Fayetteville, Georgia 30215
(770) 241-8936
wc115@bellsouth.net

*Attorneys for Plaintiff*

13

Fulton County Superior Court
***EFILED***BR
Date: 12/29/2016 10:05:52 AM
Cathelene Robinson, Clerk



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Savannah Oak Condominium Association, Inc. | ) Case ) No.: |
| **Plaintiff,** | ) ) |
| vs. | ) ) ) |
| Waste Management, Inc. | ) ) |
| **Defendant** | ) ) ) ) ) |

Case No.: 2016CV284207

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

E. Adam Webb
Webb, Klase & Lemond, LLC
1900 The Exchange SE, Suite 480
Atlanta, GA 30339

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___12/29/2016___ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _Brenda Kay_
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Date Served: 12/30/16
Time Served: 3:20
SR

Fulton County Superior Court
***EFILED***BR
Date: 12/29/2016 10:05:52 AM
Cathelene Robinson, Clerk

## General Civil Case Filing Information Form (Non-Domestic)

| Court | County Fulton | Date Filed 12/29/2016 |
|---|---|---|
| ☑ Superior | | MM-DD-YYYY |
| ☐ State | Docket # 2016CV284207 | |

**Plaintiff(s)**

Savannah Oaks Condominium Association, Inc.

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

**No. of Plaintiffs** 1

**Defendant(s)**

Waste Management, Inc.

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|---|---|---|---|---|

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Webb, E. Adam

| Last | First | Middle I. | Suffix |
|---|---|---|---|

Bar # 743910

### Check Primary Type (Check only ONE)

- ☑ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Presonal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgement Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify_____
  _____

### If Tort is Case Type:
### (Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify:

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

# EXHIBIT "B"

### SERVICE OF PROCESS

 CT Corporation

**Service of Process Transmittal**
12/30/2016
CT Log Number 530422227

TO:     Ashley Harper
        Waste Management, Inc.
        1001 Fannin St Ste 4000
        Houston, TX 77002-6711

RE:     **Process Served in Delaware**

FOR:    Waste Management, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Savannah Oaks Condominium Association, Inc., on behalf of itself and all others similarly situated, Pltf. vs. Waste Management, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Information Form |
| **COURT/AGENCY:** | Fulton County Superior Court, GA<br>Case # 2016CV284207 |
| **NATURE OF ACTION:** | Breach of Contract - The Regulatory Cost Recovery Charge was added in violation of the contract |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/30/2016 at 15:20 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | E. Adam Webb<br>Webb, Klase & Lemond, LLC<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339<br>770-444-0773 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/30/2016, Expected Purge Date: 01/09/2017<br><br>Image SOP<br><br>Email Notification, Nancy Shoebotham  nshoebot@wm.com<br><br>Email Notification, Monique Martinez (General SOP)  mmarti41@wm.com<br><br>Email Notification, Jessica Reyna  jreyna@wm.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / BJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT "C"

**FULTON COUNTY SUPERIOR COURT
NOTICE OF FILING NOTICE OF REMOVAL**

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SAVANNAH OAKS CONDOMINIUM ASSOCIATION, INC., on behalf of itself and all others similarly situates, | ) ) ) ) |
|     Plaintiff, | ) ) |
| v. | ) ) ) |
| WASTE MANAGEMENT, INC., | ) ) ) |
|     Defendant | ) |

CIVIL ACTION FILE NO.

2016CV284207

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendant Waste Management, Inc. ("WM") hereby gives notice that it has filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division on January 27, 2017. A copy of WM's Notice of Removal is attached as Exhibit 1.

Pursuant to the provision cited, the Superior Court of Fulton County shall not proceed further with this case unless and until it is remanded back to the Superior Court by order of the United States District Court.

This 27th day of January, 2017.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

ddial@wwhgd.com
npanayo@wwhgd.com
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 (telephone)
(404) 875-9433 (facsimile)

*/s/ Nicholas P. Panayotopoulos*
David A. Dial
Georgia Bar No. 220329
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
*Attorneys for Defendant Waste Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served by electronic filing with Odyssey eFileGA and/or by depositing a true and correct copy of same in the U.S. Mail, proper postage affixed thereto, addressed to counsel of record as follows:

E. Adam Webb, Esq.
Matthew C. Klase, Esq.
G. Franklin Lemond, Jr., Esq.
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, Georgia 30339
*Attorney for Plaintiff*
Adam@WebbLLC.com
Matt@WebbLLC.com
Franklin@WebbLLC.com

Wayne Charles, Esq.
Wayne Charles, PC
395 Highgrove Drive
Fayetteville, Georgia 30215
*Attorney for Plaintiff*
Wc115@bellsouth.net

This 27th day of January, 2017.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

ddial@wwhgd.com
npanayo@wwhgd.com
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 (telephone)
(404) 875-9433 (facsimile)

*/s/ Nicholas P. Panayotopoulos*
David A. Dial
Georgia Bar No. 220329
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
*Attorneys for Defendant Waste Management, Inc.*